## Case No. 8,218.

### In re LEIBENSTEIN et al.

[4 Chi. Leg. News, 309.]

### District Court, D. Kansas. 1872.

WHEN PROCEEDINGS WILL NOT BE STAYED IN STATE COURT—WHETHER DEBT DISCHARGED.

1. When it appears from the proceedings against a bankrupt in a state court that the debt is one which will not be barred by a discharge in bankruptcy, the bankrupt court will not interfere to stay or rest proceedings in the state court, and when the state court has jurisdiction of the matter, the question of fraud for instance, if that be the question before it, and involved in the proceeding, the bankrupt court will not take jurisdiction of that question and hear and determine the question of fact, but will leave it to be decided in the state court.

2. Whether a debt has been discharged by a certificate of discharge will in practice from necessity be much oftener presented for decision after the discharge has been granted in a state court than in a federal court, and if the state court has jurisdiction to determine this question it must have jurisdiction on questions preliminary to it, and having taken jurisdiction it should not be interfered with by the bankruptcy court.

[Cited in Re Stansfield, Case No. 13,294.]

This matter came before the court, on petition of Cochran, McLean & Co., for an order dissolving an injunction previously allowed by the court, restraining them from proceeding to collect a judgment recovered by them in the supreme court of the city of New York against said Friedlander, in July, 1871, and was referred to Hiram Griswold, Register, to hear testimony and report the facts and conclusions of law to the court. The suit in which the judgment was rendered was commenced February 3, 1871, to recover for goods sold to said bankrupts. Petition in bankruptcy was filed March 6, 1871. The same day affidavits were filed in the civil action, charging that the goods were obtained through fraud and misrepresentation, on which an order of arrest was issued and the defendant arrested. March 10th, defendant gave an undertaking conditioned that he would render himself amenable to such process as might be issued to enforce judgment to be rendered, and was released from arrest. June 14th, he filed a motion to vacate the order of arrest, which was overruled. July 24th, judgment was rendered. [Charles] Leibenstein and [Max] Friedlander were adjudged bankrupts March 21st. On the 3d of April, Cochran, McLean & Co. filed their proof of debt. The injunction, sought to be dissolved, was allowed August 8th.

By HIRAM GRISWOLD, Register:

Upon the foregoing facts, I find as conclusions of law that the debt for which the plaintiffs recovered the judgment against said Friedlander, if contracted in the manner and under the circumstances as in the affidavits alleged, is one from which his discharge in bankruptcy would not release him, and that the plaintiffs are entitled to an order dissolving the order of injunction heretofore granted. I am guided in my views of the law by the decisions of Lowell, Judge, in Re Devoe [Case No. 3,843]; of Blatchford, J., in Re Kimball [Id. 7,768]; and of Nelson, J., in Re Robinson [Id. 11,939]. I understand the judge in each of those cases, as basing his decision upon the principle that when it appears from the proceedings in the state court that the debt is one which will not be barred by a discharge in bankruptcy, the bankrupt court will not interfere to stay or arrest proceedings in the state court; and that when the state court has jurisdiction of the matter, the question of fraud, for instance, if that be the question before it, and involved in the proceeding, the bankrupt court will not take jurisdiction of that question, and hear and determine the question of fact, but will leave it to be decided in the state court. And these decisions seem to me to be founded in reason, and to be in harmony with the current of decisions involving questions of jurisdiction between federal and state courts. Whether a debt has been discharged, by a certificate of discharge, will, in practice, from necessity, be much oftener presented for decision, after the discharge has been granted, in a state court than in a federal court, and if the state court has jurisdiction to determine this question, it must have jurisdiction on questions preliminary to it; and, having taken jurisdiction, it should not be interfered with by the bankrupt court.

Counsel for the bankrupt concede that this may be the correct view when the charge of fraud is distinctly made in the petition, that

there being the very matter in controversy in the state court, as was the case In re Devoe [supra]. But they contend that when the allegations of fraud are made by ex parte affidavits only, the question should not be withdrawn from this court and remitted wholly to the state court. The distinction is not well taken. In either case it is a proceeding in the state court in which the question is legitimately brought before it.

The principle is the same in the one case as in the other. The only question is one of practice. We know that by the practice of the state of New York it is the function of the affidavit to charge and specify the fraud, as the basis for the order of arrest. And in Re Kimball [supra], it distinctly appears that the allegation of fraud was found only in the affidavits. And it sufficiently appears that it was so in Re Robinson [supra]. For, in that case, counsel insisted that it should appear from the declaration that the suit proceeded upon the ground of fraud. But the judge held that it might well appear in the affidavits only, a discussion that could not have arisen had not the charge of fraud been found in them only. There is another view of this case, which it seems to me is of no little weight. Friedlander, while the action was proceeding, made no effort in that court to have proceedings stayed, under the provisions of the bankrupt act. He permitted the case, without objection, to take the ordinary course, until it terminated in a judgment. Not only so, he gave an undertaking, after the commencement of proceedings in bankruptcy to the effect that he would render himself amenable to such process as might be issued to enforce the judgment which might be rendered. If the case against Friedlander were one in which he was entitled to a stay of proceedings, under the provisions of the bankruptcy act [of 1867 (14 Stat. 517)], it could be obtained only on his own motion. The benefit they secured to him was a personal one, of which he might avail himself or not at his election. He declined to do so; he waived his personal privilege, and permitted the case to proceed to judgment. Such a judgment is a valid one, and is unaffected by a subsequent discharge. ·Palmer v. Merrill. 57 Me. 26. As to the effect of his giving the undertaking, see Minon v. Van Nostrand [Case No. 9,642]. In any view I can take of the case, therefore, I am clearly of the opinion the order of injunction heretofore granted, be dissolved. Respectfully submitted.

Howsley & Higinbotham, for Cochran, McLean & Co.
Stillings & Fenlon, for Friedlander.

DELAHAY, District Judge. I have considered the opinion of the register, and concur with him in the conclusions of law as stated by him. Order granted, dissolving the order of injunction heretofore allowed.